FILED
CHARLOTTE, NC

APR 2 0 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

NICOLE GOODEN,                                      :
                                                   :
               PLAINTIFF,                          :          CASE NO.: 3:26-cv-307-SCR
                                                   :
     :                                             
               VS.                                 :
                                                   :
                                                   :
PIEDMONT AIRLINES,                                 :
                                                   :
               DEFENDANT.                          :

---

### COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**NOW COMES** the Plaintiff, Nicole Gooden, and for her Complaint against the Defendant, Piedmont Airlines, Inc., respectfully states and alleges as follows:

**INTRODUCTION**

1. This is an action for employment discrimination, failure to provide reasonable accommodations, retaliation, and constructive discharge brought pursuant to the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, specifically 42 U.S.C. § 12112 (prohibiting discrimination and failure to accommodate) and 42 U.S.C. § 12203 (prohibiting retaliation).

2. Plaintiff is a qualified individual with a disability (diabetes) within the meaning of the ADA. Defendant unlawfully denied Plaintiff's request for reasonable accommodations, retaliated against her for requesting those accommodations, forged her signature on unwanted leave-of-absence paperwork, removed her from the payroll, locked her out of the company system, and forced her out of her job, causing her to lose her housing and relocate from Charlotte, North Carolina back to Chicago, Illinois.

3. Plaintiff exhausted all administrative remedies by filing a timely Charge of Discrimination with the Equal Employment Opportunity Commission and received a Notice of Right to Sue dated January 21, 2026.

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and the ADA, 42 U.S.C. §§ 12101 *et seq.*

2. Venue is proper in the Charlotte Division because a substantial part of the events occurred in Mecklenburg County, North Carolina, where Plaintiff worked at Defendant's Charlotte operations.

## PARTIES

3. Plaintiff Nicole Gooden resides at 14311 S. Parnell Ave, Harvey, IL,60426. Plaintiff is a qualified individual with a disability under the ADA.

4. Defendant Piedmont Airlines, Inc. is a corporation doing business in North Carolina, including at Charlotte Douglas International Airport. Defendant is an "employer" under the ADA. Defendant may be served through its registered agent, CT Corporation System (address confirmed via North Carolina Secretary of State).

## FACTUAL ALLEGATIONS

5. In May 2023, Plaintiff was hired by Defendant as a Ramp Agent at its Charlotte, North Carolina location. Plaintiff relocated from Chicago, Illinois, to Charlotte specifically for this position and resigned from prior employment at Envoy Airlines two weeks before starting.

6. Plaintiff has diabetes, a physical impairment that substantially limits major life activities (endocrine function, neurological and circulatory systems) and constitutes a disability under the ADA. Plaintiff is capable to perform all job functions under normal circumstances, except when the Plaintiff has hypoglycemia event.

7. Management repeatedly instructed Plaintiff to request accommodations because of repeated altercations over Plaintiff's medical devices (continuous glucose monitor linked to her phone and insulin pump), for which Plaintiff had been disciplined.

8. In or around June 2024, Plaintiff submitted a written request for reasonable accommodations, supported by medical documentation from her physician. The requests were: (a) an additional 15–30 minutes as needed to correct low blood sugar, and (b) an additional one to two hours to call in and avoid a "no-call/no-show" when unconscious or in a diabetic coma (consistent with Defendant's policy allowing up to three hours late before a no-call/no-show after two hours).

9. These accommodations would have enabled Plaintiff to perform the essential functions of her Ramp Agent position without imposing undue hardship on Defendant.

10. Instead of granting, denying, or engaging in the interactive process, Defendant: (a) immediately removed Plaintiff from the payroll and prevented her from working; (b) unilaterally placed Plaintiff on a leave of absence she never requested; (c) signed Plaintiff's name to the leave-of-absence paperwork without her knowledge or consent; and (d) locked Plaintiff out of Defendant's employment systems.

11. Management later called Plaintiff and informed her that she had been placed on leave until October 2024 and could return only when she no longer needed any accommodations for her diabetes.

12. As a direct and proximate result, Plaintiff was without income for several months, lost her apartment in Charlotte, was forced to sell personal belongings, and had to relocate back to Chicago, Illinois. These actions constitute constructive discharge.

13. Plaintiff timely filed a Charge of Discrimination with the EEOC and exhausted administrative remedies. On January 21, 2026, the EEOC issued a Notice of Right to Sue (attached as Exhibit A).

**CAUSES OF ACTION**

**COUNT I – Failure to Provide Reasonable Accommodation (ADA)**

14. Plaintiff re-alleges paragraphs 1–13. Defendant violated 42 U.S.C. § 12112(b)(5)(A).

**COUNT II – Retaliation (ADA)**

15. Plaintiff re-alleges paragraphs 1–13. Defendant retaliated against Plaintiff for requesting accommodations and engaging in protected activity, in violation of 42 U.S.C. § 12203.

**COUNT III – Disability Discrimination / Constructive Discharge (ADA)**

16. Plaintiff re-alleges paragraphs 1–13. Defendant's actions created intolerable working conditions that a reasonable person would feel compelled to resign from, because of Plaintiff's disability and request for accommodations.

**PRAYER FOR RELIEF**
Plaintiff respectfully requests:
a. Judgment in Plaintiff's favor on all counts;
b. Back pay, front pay, and lost benefits;
c. Compensatory damages;
d. Punitive damages;
e. Injunctive relief (reinstatement with accommodations);
f. Costs of suit;

g. Any other relief the Court deems just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

/s/ Nicole Gooden
14311 S. Parnell Ave
Harvey, IL 60426
630.805.4508
nicolegooden@gmail.com
Plaintiff, Pro Se

Date: April 16, 2026